IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN DULL,

    Petitioner,

v.                                                          No. 20-cv-1032 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

**ORDER TO SHOW CAUSE**

    This matter is before the Court on Brian Dull's *pro se* Habeas Corpus Petition (Doc. 1) (Petition).  Dull challenges the execution of his federal sentence, and in particular, the delay in placing him on home confinement.  The Court will treat the Petition as a habeas filing under 28 U.S.C. § 2241, notwithstanding Dull's use of the 28 U.S.C. § 2255 form.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence … in contrast to … § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence").

    On January 22, 2020, the Court (Hon. Dee Benson) sentenced Dull to twelve months and one day imprisonment for felon in possession of a firearm.  (CR Doc. 59 in 18-cr-4162).  He will complete his sentence on January 12, 2021.  *See* https://www.bop.gov/inmateloc/.  It appears that in September or October of 2020, the Bureau of Prisons (BOP) placed released Dull to the Diersen Charities Halfway House (Diersen).  A case manager recently informed Dull that the BOP approved his placement on home confinement "90 days ago."  (CV Doc. 1 at 4).  Dull contends he should have been sent home from Diersen after a quarantine period.  *Id.*  He asks the Court to issue a writ ordering the BOP to place him on home confinement.  *Id.* at 10.

Having reviewed the Petition *sua sponte* under Habeas Corpus Rule 4,[1] it appears Dull failed to exhaust available remedies with the BOP before filing suit. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust [available] remedies" before obtaining relief "under § 2241."); *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies … may be may be raised by a court sua sponte."). The Tenth Circuit recently confirmed the exhaustion requirement applies where, as here, a federal petitioner challenges the BOP's failure to properly process his request for home confinement. *See Marshall v. Hudson,* 807 Fed. App'x 743, 750 (10th Cir. 2020) (affirming the dismissal of a § 2241 home-confinement "challenge because [petitioner] did not exhaust his administrative remedies").

The Petition reflects that Dull heard he was eligible for home confinement secondhand, through a Diersen case manager. (CV Doc. 1 at 4). There is no indication he discussed home confinement with the BOP, and the Petition checks "no" on each answer pertaining to prior appeals, challenges, or proceedings. *Id.* at 2-10. Accordingly, the Court will require Dull to show cause within thirty (30) days of entry of this Order why the Petition should not be dismissed for failure to exhaust BOP remedies. If Dull has exhausted BOP remedies, he should attach a copy of any BOP correspondence to the show-cause response. The Court will also direct Dull to either prepay the $5 habeas filing fee or, alternatively, file an application to proceed *in forma pauperis* by the show-cause deadline.

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts. The Court, in its discretion, applies those rules to this § 2241 proceeding. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition).

If Dull no longer wishes to prosecute this action, he may simply decline to respond to this Order. The failure to timely file a show-cause response and address the filing fee will result in dismissal of this action without prejudice and without further notice.

**IT IS ORDERED** that within 30 days of entry of this Order, Dull must: (1) prepay the $5.00 habeas fee or, alternatively, file an application to proceed *in forma pauperis*; and (2) show cause in writing why the Petition should not be summarily dismissed for failure to exhaust BOP remedies.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **SEND** Dull a copy of the form application to proceed *in forma pauperis*.

_____
UNITED STATES MAGISTRATE JUDGE