IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN DULL,

    Petitioner,

v.                                                                     No. 20-cv-1032 WJ-KRS

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Brian Dull's *pro se* Habeas Corpus Petition (Doc. 1) (Petition). The Petition challenges the execution of Dull's federal sentence, and in particular, the delay in placing him on home confinement. The Court construes the filing under 28 U.S.C. § 2241, notwithstanding Dull's use of the 28 U.S.C. § 2255 form. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence … in contrast to … § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence"). On January 22, 2020, the Court (Hon. Dee Benson) sentenced Dull to twelve months and one day imprisonment for felon in possession of a firearm. *See* CR Doc. 59 in 18-cr-4162. Dull will complete his sentence on January 12, 2021. *See* https://www.bop.gov/inmateloc/. It appears that in September or October of 2020, the Bureau of Prisons (BOP) released Dull to the Diersen Charities Halfway House (Diersen). A Diersen case manager then informed Dull that the BOP approved his placement on home confinement "90 days ago." *See* CV Doc. 1 at 4. In the Petition, Dull asks the Court to issue a writ ordering the BOP to place him on home confinement. *Id.* at 10.

By a Memorandum Opinion and Order entered October 27, 2020, the Court screened the matter *sua sponte* under Habeas Corpus Rule 4 and determined Dull failed to exhaust available remedies with the BOP. "A habeas petitioner is generally required to exhaust [available] remedies" before obtaining relief "under § 2241." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *see also United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court sua sponte."). The Tenth Circuit has confirmed the exhaustion requirement applies where, as here, a federal petitioner challenges the BOP's failure to properly process his request for home confinement. *See Marshall v. Hudson,* 807 Fed. App'x 743, 750 (10th Cir. 2020) (affirming the dismissal of a § 2241 home-confinement "challenge because [petitioner] did not exhaust his administrative remedies").

The Petition reflects that Dull heard he was eligible for home confinement secondhand, through a Diersen case manager. (CV Doc. 1 at 4). There is no indication he discussed home confinement with the BOP, and the Petition checks "no" on each answer pertaining to prior appeals, challenges, or proceedings. *Id.* at 2-10. Accordingly, the Court ordered Dull to show cause why the Petition should not be summarily dismissed for failure to exhaust BOP remedies. The Court also directed Dull to either prepay the $5 habeas filing fee or, alternatively, file an application to proceed *in forma pauperis*. Dull was warned that the failure to timely file a show-cause response and address the filing fee will result in dismissal of this action without further notice.

The show-cause deadline was November 27, 2020. Dull did not comply, and the Memorandum Opinion and Order was returned as undeliverable with the notation: "Return to Sender, Not at This Address." *See* Doc. 3. It appears Dull was released from Diersen and placed

on home confinement, as requested in the Petition. Based on Dull's failure to exhaust and comply with the Memorandum Opinion and Order, and because the Petition is likely moot, the Court will dismiss this action without prejudice.

**IT IS ORDERED** that Brian Dull's Habeas Corpus Petition (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil habeas case.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE